UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAUREN BRAY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:06-CV-0560-B |
| | § | ECF |
| FORT DEARBORN LIFE INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ORDER

Before the Court is Motion for Partial Stay of Judgment (doc. 144). For the reasons that follow, the Court **DENIES** the Motion.

### I. Background

Plaintiff Lauren Bray ("Bray") filed this lawsuit against Defendant Fort Dearborn Life Insurance Company ("FDL") pursuant to Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461 on March 29, 2006. Specifically, FDL terminated the benefits Bray received under an ERISA plan, and Bray sought to recover the benefits she was denied. On August 16, 2007, after conducting a bench trial on the papers, this Court entered a final judgment in this case ordering that Bray recover from FDL as follows: (1)" $26,474.91, plus prejudgment interest in the amount of 8.25% per annum simple interest from January 1, 2005 to the date of this Final Judgment;" (2) $46,320 in attorney's fees; and (3) court costs. (doc. 118). The Court also remanded this matter "to the plan administrator for determination of 'any other occupation' benefits

- 1 -

in the first instance." (doc. 118). On September 14, 2007, FDL filed a Motion for Approval of Supersedeas Bond. (doc. 122). On December 28, 2007, this Court granted the motion to the extent that it requested a stay of the monetary judgment (items 1-3). (doc. 135). However, the Court denied the motion to stay the part of the judgment remanding the case to the plan administrator. The Court explained:

> If the remand is considered a monetary judgment under F.R.C.P. 62(d), FDL would be entitled to a stay as a matter of right if it posted bond for this part of the judgment. However, FDL has not posted a bond for this part of the judgment. On the other hand, if as Bray claims, the remand is considered an injunction, Fort Dearborn may be entitled to a stay under Rule 62(c) after consideration of the likelihood of success on the merits, irreparable injury, likelihood of substantial injury to other parties, and the public interest. FDL has not addressed these considerations. Because FDL has not demonstrated entitlement to a stay under Rule 62(c) or (d), the Court need not determine, and expresses no opinion on, whether the remand to the plan administrator should be treated as a monetary judgment under Rule 62(d), an injunction under Rule 62(c), or some other remedy. The Court also expresses no opinion on whether FDL is even entitled to a stay of the portion of the judgment remanding the case. To the extent that FDL requests a stay of the portion of the judgment remanding the case to the plan administrator, that request is **DENIED WITHOUT PREJUDICE**. If FDL wishes to stay that portion of the judgment, it should file a motion with the Court citing authority for its entitlement to a stay.

(*Id.* at 4-5). FDL has now filed a Motion for Partial Stay of Judgment requesting that the Court stay the portion of the judgment remanding the case to the plan administrator (doc. 144). Bray has filed a response to this motion (doc. 146), and FDL has filed a reply (doc. 147). This motion, being fully briefed, is now ripe for adjudication.

## II. Analysis

### A. Federal Rule of Civil Procedure 62(c) and (d)

Federal Rule of Civil Procedure 62(d) provides, "If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the

appeal. The stay takes effect when the court approves the bond." This rule has been interpreted to allow a party to obtain a stay as a matter of right if the party posts bond and the judgment involved is a monetary judgment. 30 AM. JUR. 2D EXECUTIONS § 36.

Rule 62(d) does not apply to (1) "an interlocutory or final judgment in an action for an injunction or a receivership" or (2) "a judgment or order directing an accounting in an action for patent infringement." FED. R. CIV. P. 62(a). For these types of cases, a stay is not of right but within the sound discretion of the court even if the party tenders a bond. 30 AM. JUR. 2D EXECUTIONS § 36; 5 AM. JUR. 2D APPELLATE REVIEW § 432. Federal Rule of Civil Procedure 62(c) provides, "While an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights. . ." In determining whether a movant is entitled to a stay of an injunction under Rule 62(c), the court will consider, "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether the issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." 11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2904; *see also Wildmon v. Berwick Universal Pictures*, 983 F.2d 21, 23 (5th Cir. 1992).

**B. If FDL is Entitled to a Stay At All, It Must be Pursuant to Rule 62(c)**

As a preliminary matter, neither party has contended that Rule 62(d) should apply. The Court concludes that the Court's remand order was not a monetary judgment; therefore, Rule 62(d) should not apply to this scenario. *See City of New Orleans v. Nat'l Serv. Cleaning Corp.*, 1997 WL 5915, at * 1 (E.D. La. 1997) (finding no support that Rule 62(d) authorized the stay of an order of

remand because it was not a monetary judgment).

FDL argues that the remand to the plan administrator should not be considered an injunction but instead should be considered a determination by the court that it did not have jurisdiction over the "any other occupation" issue. On the other hand, Bray argues that this remand was an injunction and that Federal Rule of Civil Procedure 62(c) applies. Assuming arguendo that the Court agrees with FDL that this is a finding of lack of jurisdiction, FDL is not entitled to a stay. FDL has cited no authority for staying a finding of lack of jurisdiction. In fact, some courts have held that a stay of a remand to state court (which is a finding that the court lacks jurisdiction over the matter) requires a 62(c) analysis. For example, in *Poore*, the Court analyzed a motion to stay a remand to state court (based on a finding that the Court lacked jurisdiction) as a motion arising under Rule 62(c) because "remand orders are most closely analogous to the exercise of the court's injunctive powers." *Poore v. State of Ohio*, 243 F. Supp. 777, 782 (N.D. Ohio 1965); *see also Lightbourn Equip. Co. v. Perkins Engines, Inc.*, 39 F. Supp. 2d 785, 786 (N.D. Tex. 1999) (denying a request to stay a remand to state court because the defendants did not allege harm or prejudice that would occur in the absence of a stay); *Blanchette v. Schweiker*, 530 F. Supp. 596, 598 (D. Colo. 1982) (assuming that Rule 62(c) applied to a motion to stay the remand to the Secretary of Health and Human Services for consideration of additional evidence). Based on this authority, whether the Court construes the remand as a finding of lack of jurisdiction as FDL contends or as an injunction as Bray contends, Rule 62(c) would apply. Having determined that if FDL is entitled to a stay at all, it must be pursuant to Rule 62(c), the Court now turns to the Rule 62(c) analysis.

## C. The Rule 62(c) Analysis

The Court begins its Rule 62(c) analysis by pointing out that FDL has the burden of satisfying the stringent standards in order to obtain this extraordinary remedy. *Shays v. Fed. Election Comm'n*, 340 F. Supp. 2d 39, 44 (D.D.C. 2004) (citations omitted). Even assuming that FDL can satisfy the first requirement, *a likelihood of success on the merits*, as discussed below, the Court finds that it fails to meet its burden on the other factors. *Trout Unlimited v. Water Supply & Storage Co.*, 2005 WL 2141465, at *2 (D. Colo. 2005) ("Having failed to prevail on the three harm factors, the Court need not address the asserted likelihood of success on the merits.").

Addressing the second requirement of *irreparable injury*, FDL argues that in making the determination of "any other occupation" benefits, it may obtain additional information and medical records and may have the case reviewed by a consulting physician. (Mot. for Partial Stay 10). On the other hand, it may rely on its previous determination that Bray was not disabled from her own occupation to find that she is not disabled from any other occupation. (*Id.*). Either way, FDL continues, Bray would not be awarded benefits, she would appeal, that appeal would be denied, and Bray would file suit in district court. (*Id.*). Based on this speculation, FDL states that it "knows of no mechanism or authority by which the Court could compensate it for the review of the 'any other occupation' issue and the expense of litigating the issue if the Fifth Circuit issues an opinion making the litigation moot." (*Id.*).

FDL appears to be arguing that the expenses of making the "any other occupation" determination and litigating the issue would cause irreparable injury. However, these injuries are monetary injuries which do not constitute irreparable injury. In *Shays*, the court found that some of the regulations promulgated by the Federal Election Commission ("FEC") were defective and

remanded them to the FEC for further action consistent with the decision. *Shays*, 340 F. Supp. 2d at 40. The FEC moved to stay this remand pending appeal. *Id.* In arguing irreparable injury, the FEC contended that it would have to expend resources to conduct a rulemaking that the Court of Appeals might eventually find to be unnecessary. *Id.* at 43. The court explained, "The key word in this consideration is irreparable. Mere injuries, however substantial, in terms of money, time, and energy necessarily expended in the absence of a stay are not enough." *Id.* at 48 (quoting *Nat'l Cable Television Ass'n v. Columbia Pictures Indus., Inc.*, 1986 WL 32734, at *1 (D.D.C. 1986)). The court concluded that requiring the FEC to expend energy and resources was not irreparable injury. *Id.* at 49. The court in *Blanchette* also addressed an analogous situation. *Blanchette*, 530 F. Supp. 596. In that case, the district court agreed that it was undisputed that the plaintiff could no longer perform his normal occupation but remanded the case to the Secretary of Health and Human Services (the "Secretary") for consideration of additional evidence regarding whether the plaintiff could perform other types of work. *Id.* at 597. The Secretary appealed and moved for a stay of the remand pending appeal. *Id.* at 598. The court found that the Secretary would not incur irreparable injury because of the administrative costs of complying with the remand order. *Id.* Applying *Shays* and *Blanchette* to this case, FDL expending resources to make the "any other occupation" determination, which could turn out to be moot, does not constitute irreparable injury.

As for the third requirement, *substantial injury to Bray*, FDL claims she will suffer no damage because even if it is ultimately determined that she is entitled to "any other occupation benefits," the delay in receiving benefits can be remedied by an award of interest or attorney's fees. (Mot. for Partial Stay 11). In considering injury to the plaintiff, the court in *Blanchette* found that the plaintiff may be injured by the delay in receiving benefits even though he would eventually receive

retroactive relief: "Further, while the claimant who ultimately prevails on appeal is entitled to full retroactive relief, the defendant [Secretary] has not shown that the plaintiff will not suffer substantial hardship from the loss of benefits in the interim." 530 F. Supp. at 598. Similarly, in this case, FDL has not shown that a potential delay in receiving benefits would not harm Bray. Furthermore, Bray contends that she will be injured if FDL becomes insolvent and is unable to pay the benefits. (Pl.'s Resp. 22). Although the Court has previously noted that FDL has a low risk of insolvency (*see* doc 135. at 4), the Court takes this potential injury into account. The Court concludes that this factor does not weigh in favor of FDL.

Finally considering the fourth requirement, *public interest*, the Court agrees with FDL that it is unlikely that the public has much of an interest in this litigation. (Mot. for Partial Stay 11). FDL points to the public interest in conserving judicial resources and ensuring that ERISA plan administrators do not waste resources. (*Id.* at 11). On the other hand, the Court notes that the public may have an interest in having plan administrators timely determine their entitlement to benefits. The Court concludes that this factor is neutral; therefore, FDL has not met its burden on this factor.

Because FDL has failed to satisfy at least three of the requirements for a Rule 62(c) stay, the Court **DENIES** FDL's motion for a partial stay. FDL has indicated that it is willing to post a bond to stay the remand. (Reply 11). Because the Court has determined that FDL is not entitled to a stay of the remand under Rule 62 (c) or (d), the Court does not grant a stay with a bond. The Court will entertain a joint motion to approve a bond and stay the remand.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** the Motion for partial stay of judgment.

SO ORDERED.

SIGNED April 23, 2008

                                        _____
                                        JANE J. BOYLE
                                        UNITED STATES DISTRICT JUDGE